**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BARRY PERKINS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-1663-RWS |
| | ) | |
| R.J. REYNOLDS TOBACCO CO., | ) | |
| & SCHNUCK MARKETS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

This case is before me on Plaintiff's motion to remand. ECF No. [17]. Defendant R. J. Reynolds Tobacco Company removed the action to this court pursuant to 28 U.S.C. § 1441(b), arguing that Defendant Schnuck Markets, Inc. was fraudulently joined to prevent federal jurisdiction. Schnuck Markets has filed a motion to dismiss in this case. ECF No. [9]. Both defendants argue that Schnuck Markets should be dismissed pursuant to Mo. Rev. Stat. § 537.762 , which is commonly referred to as Missouri's innocent seller statute. For the reasons discussed below, I will deny Plaintiff's motion.

**BACKGROUND**

Plaintiff initially filed a Petition in the 22nd Judicial Circuit Court for the City of St. Louis, Mo on August 23, 2020, alleging that he developed bladder cancer as the result of smoking cigarettes manufactured by Defendant R.J.

Reynolds and sold by Defendant Schnuck Markets. Plaintiff brought claims for strict products liability, negligent design, fraudulent concealment, and concealment fraud conspiracy against Defendant R.J. Reynolds. Plaintiff brought a single claim for strict products liability against Defendant Schnuck Markets.

Defendant R.J. Reynolds removed the case to the federal court on November 25, 2020. Defendant based the removal on diversity jurisdiction under 28 U.S.C. § 1332. Although Schnuck Markets is a resident of Missouri, R.J. Reynolds argues that complete diversity still exists because Schnuck Markets was fraudulently joined. Plaintiff argues that Schnucks was properly joined and therefore complete diversity does not exist, and the case must be remanded. Schnucks and R.J. Reynolds simultaneously filed motions to dismiss. ECF Nos. [9, 11].

## LEGAL STANDARD

"The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction." Peters v. Union Pac. R. Co., 80 F.3d 257, 260 (8th Cir. 1996) (citing 28 U.S.C. § 1441(b)). "A claim may be removed only if it could have been brought in federal court originally." Id. Therefore, I cannot exercise jurisdiction in a case removed pursuant to 28 U.S.C. §§ 1441(a) and 1332(a) unless there is complete diversity. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005). "Critically, the party seeking removal has the burden to establish federal subject matter jurisdiction; all doubts

about federal jurisdiction must be resolved in favor of remand." Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). If a non-diverse party is fraudulently joined to a suit, however, I may dismiss that party and properly retain jurisdiction of the case. See, e.g., Roles v. Bank of Am., N.A., No. 5:17-CV-5087, 2017 WL 3723676, at *4 (W.D. Ark. Aug. 29, 2017).

Fraudulent joinder applies where "there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003). "[I]f there is a 'colorable' cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." Filla, 336 F.3d at 810 (emphasis in original). The focus is "only on whether a plaintiff 'might' have a 'colorable' claim under state law against a fellow resident, not on the artfulness of the pleadings." Wilkinson v. Shackelford, 478 F.3d 957, 964 (8th Cir. 2007). As the Eighth Circuit Court of Appeals explained in Filla,

> [T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor. However, in its review of a fraudulent-joinder claim, the court has no responsibility to definitively settle the ambiguous question of state law.

Filla, 336 F.3d at 811 (citations omitted). "[W]here the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with the motion to remand but simply to remand the case and leave the question for the state courts to decide.' "Id.(quoting Iowa Pub. Serv. Co. v. Med. Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977)).

**DISCUSSION**

Plaintiff and Defendant Schnuck Markets are citizens of Missouri, so this case is only removable if Schnucks was fraudulently joined. Here R.J. Reynolds argues that Andrews does not have a reasonable basis for asserting a claim against Schnuck because they are subject to dismissal under Missouri's "Innocent Seller" statute, Mo. Rev. Stat. § 537.762.

In Missouri a Plaintiff may bring a products liability claim against a defendant, situated anywhere in the chain of commerce, if the defendant transferred the product, the product was used in a manner reasonably anticipated, and either "(a) the product was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and the plaintiff was damaged as a direct result of such defective condition as existed when the product was sold; or (b) The product was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, and the plaintiff was

damaged as a direct result of the product being sold without an adequate warning." Mo. Rev. Stat. § 537.760. However, under Missouri's Innocent Seller statute a defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim so long as another defendant is properly before the court and from whom total recovery may be had for plaintiff's claim. Mo. Rev. Stat. § 537.762. Interpreting the innocent seller statute, the Missouri Supreme Court held that "inherent in the statue is a substantive public policy choice of significant importance" and it is clear that the legislature intends to protect the innocent seller both procedurally and substantively. Gramex Corp. v. Green Supply, Inc., 89 S.W.3d 432, 445–46 (Mo. 2002). Therefore, "to the extent that a plaintiff can otherwise obtain 'total recovery,' all liability of a downstream seller who would otherwise be jointly and severally liable to plaintiff for damages and subject to contribution from the other defendants, is shifted to upstream defendants, including the manufacturer." Id. at 445. Because the dismissal provisions of the statute are substantive in nature, federal courts sitting in diversity must apply it. 28 U.S.C. § 1652; Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). Recently, the Missouri legislature amended the statute to remove § 537.762(6), which stated that "no order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced. A defendant

dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes." Mo. Rev. Stat. § 537.762(6) (amended 2019). But the legislature chose to keep the last provision of the statute, which states that an order of dismissal under this statute is interlocutory in nature and may be set aside for good cause at any time prior to disposition. Mo. Rev. Stat. § 537.762(7) (amended 2019). It was renumbered and is now Mo. Rev. Stat. § 537.762(6).

This Court has recently addressed fraudulent joinder and removal based on the amended statute and found that the statute could serve as the basis for fraudulent joinder and removal. . See Andrews v. Reynolds and Schnucks, Case No. 4:20-cv-1583-RWS, ECF No. 28 (E.D. Mo. Dec. 18, 2020); Baum v. Reynolds and Schnucks, Case No. 4:20-cv-1557-AGF, ECF No. 38 (E.D. Mo. Dec. 28, 2020). Additionally, although the Eighth Circuit has not directly addressed removal and fraudulent joinder under the Missouri innocent seller statute, but in Block v. Toyota Motor Corp., 665 F.3d 944 (8th Cir. 2011), the Eighth Circuit addressed a similar Minnesota statute. The Minnesota statute "mandates dismissal of strict liability claims against nonmanufacturers where the nonmanufacturer provides the identity of the manufacturer, unless the plaintiff shows that the nonmanufacturer falls into one of three exceptions." Id. (citing Minn. Stat. § 544.41 subdiv. 3). "If no exception applies, dismissal is mandatory but '[t]he plaintiff may at any time subsequent to dismissal move to vacate the order of

dismissal and reinstate the ... defendant' where it can show an inability to recover against the manufacturer." Id. (citing Minn. Stat. § 544.41 subdiv. 2). The Court held that the statute did not preclude a finding of fraudulent joinder, contrasting it with the Missouri statue, which "provides that a defendant dismissed under it remains a party for jurisdiction purposes." Block, 665 F.3d at 949.

In this case, the parties disagree about various aspects of Missouri's innocent seller statute and its applicability, including, whether as an affirmative defense it can be a basis for fraudulent joinder, whether the seller remains a functional party because the dismissal is interlocutory and the party can be reinstated for good cause, and the impact of the 2019 amendment. Plaintiff argues that where the Court is confronted with "ambiguities in the current controlling substantive law," those ambiguities must be "resolved in the plaintiffs favor" and if the sufficiency of the complaint against the non-diverse defendant is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with the motion to remand but simply to remand the case and leave the question for the state courts to decide." Filla, 336 F.3d at 811.

But, the ambiguities in this case do not relate to the application of state law, but to how the federal doctrine of fraudulent joinder applies to the statute, specifically whether, as an affirmative defense, the statute can be used as the basis for a finding of fraudulent joinder and whether the 2019 amendment impacts this

analysis. Block answers both of these questions in the affirmative. The Minnesota statute at issue in Block is similar to the Missouri statute in that they both act as defenses to strict products liability claims if the innocent seller meets certain statutory requirements. See Mo. Rev. Stat. §537.763 and Minn. Stat. § 544.41. Additionally, under both statutes, the order of dismissal may be vacated, and the dismissed defendant can be reinstated if the plaintiff is able to show cause. See Mo. Rev. Stat. §537.763(6) and Minn. Stat. § 544.41. In Block, the Eighth Circuit held that the Minnesota statute could be the basis for a finding of fraudulent joinder. Since, the Court only distinguished the Missouri statute based on the language that was removed by the 2019 amendment, under Block, the Mo. Rev. Stat. § 537.762 does not preclude a finding of fraudulent joinder.

Since the statute may serve as a basis for finding fraudulent joinder, I must consider whether the Defendant satisfies the requirements of the statute. Plaintiff argues that I may not consider affidavits or other documents outside the pleadings when considering a motion to remand. But, "[i]n general, courts have concluded that a district court considering a motion for remand 'may consider the pleadings, supporting affidavits, and the motion for remand and supporting affidavits.'" Ridings v. Maurice, No. 15-00020-CV-W-JTM, 2015 WL 1474080, at *3 (W.D. Mo. Mar. 31, 2015) (quoting Parnas v. Gen. Motors Corp., 879 F. Supp. 91, 93 (E.D. Mo. 1995). See also Ford v. Elsbury, 32 F.3d 931, 935 (5th Cir. 1994) (

"[F]raudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony."); Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) (although determination of the propriety of removal ordinarily depends only upon the plaintiff's pleadings, in the case of fraudulent joinder, the court may "go somewhat further [and the] defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent."); Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 617 (11th Cir. 1990). Therefore, I will consider the affidavits filed with Defendants removal petition.

Based on the affidavits filed with the petition for removal, Schnuck Markets should be dismissed under Missouri's innocent seller statute. Plaintiff's complaint bases Schnuck Markets' alleged liability solely on its status as a seller in the stream of commerce. Additionally, the manufacturer of the product, R.J. Reynolds is properly before the court and total recovery for the Plaintiff's claim may be had against them as evidenced by the financial details included in the Defendant's affidavit. Therefore, Schnuck Markets will be dismissed and the Plaintiff's motion for remand will be denied.

**CONCLUSION**

Defendant Schnuck Markets is subject to dismissal pursuant to the Missouri innocent seller statute, Mo. Rev. State § 537.762. Therefore, Defendant R.J.

Reynolds established that Schnuck was fraudulently joined, and complete diversity exists.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, ECF No. [17], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Schnuck Markets is **DISMISSED** as a party.

**IT IS FURTHER ORDERED** that Defendant Schnuck Markets Motion to Dismiss is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay, ECF No. [18], is **DENIED** as moot as to both Motions to Dismiss, ECF No. [9] and [11].

**IT IS FURTHER ORDERED** Plaintiff's Motion for Leave to File in Excess of the Page limitations regarding her Motion to Remand, ECF No. [16], is **GRANTED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of January 2021.