UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIDGETTE D. MANDAVILLE, *as personal representative of the Estate of Barry Perkins, deceased*,<br><br>Plaintiff,<br><br>v.<br><br>R.J. REYNOLDS TOBACCO COMPANY,<br><br>Defendant. | Case No. 4:20-cv-01663-MTS |

## **MEMORANDUM & ORDER**

This case is before the Court on Plaintiff Bridgette D. Mandaville's Motion for Leave to Amend and Remand. Doc. [107]. For the reasons set forth below, the Court will deny in part, and grant in part, the Motion.

**I.   Procedural Background**

Barry Perkins (Perkins) initially filed a Petition in the 22nd Judicial Circuit Court for the City of St. Louis, Missouri, on August 23, 2020, alleging that he developed bladder cancer as the result of smoking cigarettes manufactured by Defendant R. J. Reynolds Tobacco Company (RJR), and sold by Schnuck Markets, Inc. (Schnucks). Perkins brought claims for strict products liability, negligent design, fraudulent concealment, and concealment fraud conspiracy against RJR. Perkins brought a single claim for strict products liability against Schnucks.

RJR, relying on diversity jurisdiction under 28 U.S.C. § 1332(a), removed the case to federal court on November 25, 2020. Although Schnucks is a citizen of Missouri, RJR argued that

1

complete diversity still existed because Schnucks was fraudulently joined. On January 27, 2021, this Court dismissed Schnucks as a party, finding that Schnucks' alleged liability was based solely on its status as a seller in the stream of commerce, pursuant to the Missouri innocent seller statute, Mo. Rev. Stat. § 537.762. On August 6, 2021, this Court denied RJR's Motion to Dismiss as to Perkins's strict products liability, negligent design, and failure to warn claims (Counts I, II, III), but dismissed his fraudulent concealment claim and concealment fraud conspiracy claim (Counts IV and V).[1]

On October 21, 2022, the case was transferred to the undersigned, Doc. [69], and was set for trial on May 8, 2023. Doc. [69]. The parties proceeded with discovery and other matters - disclosed expert witnesses, held expert and fact witness depositions, had an unsuccessful mediation, and filed dispositive motions. This case will hereafter be referred to as Perkins I.

On January 22, 2022, Perkins filed a separate lawsuit against Schnucks in the Circuit Court for the City of St. Louis, Missouri (Perkins II), alleging the same strict products liability claim that this Court dismissed in Perkins I, as well as a claim alleging violation of the Missouri Merchandising Practices Act (MMPA). Perkins did not seek to rejoin Schnucks in Perkins I based upon the alleged new facts pled in Perkins II.

On January 12, 2023, Suggestions of Death were filed in Perkins I, Doc. [88], informing the Court that Perkins died on January 7, 2023, allegedly from lung cancer caused by the defects in Kool cigarettes that caused his bladder cancer. On April 20, 2023, this Court granted Perkins's unopposed Motion to Substitute Bridgette Mandaville (Mandaville)—Mr. Perkins's daughter and the personal representative of his estate—as Plaintiff for purposes of pursuing survival claims. *See* Docs. [93], [94].

---

[1] *See* Doc. [45], Amended Memorandum and Order.

On May 17, 2023, in Perkins II, Mandaville's motion to substitute was granted and Mandaville filed a first amended petition. The first amended petition alleged wrongful death, pursuant to Mo. Rev. Stat. § 537.080, brought by Mandaville, individually, and Bryant Perkins and Barry Perkins, Jr. as surviving natural children; as well as personal injury claims brought by Mandaville, as personal representative of Perkins's estate, under Mo. Rev. Stat. § 537.020. *See* Doc. [98-4]. The claims included: 1) strict liability – design defect, 2) an MMPA claim alleging Schnucks sold defective and unreasonably dangerous cigarettes to consumers, as well as to Perkins, constituting an unfair practice, and 3) a negligence claim alleging that:

> 102. Schnucks had a legal duty to protect users who purchased and consumed their cigarette products, including Mr. Perkins, from injury, and to sell a product that when used as intended was reasonably safe for foreseeable users. 103. Schnucks breached its legal duty by selling Kool cigarettes that were known by Schnucks to be unreasonably dangerous and defective when used as intended by consumers. 104. Schnucks knew that its Kool cigarette products would be used by Mr. Perkins and other foreseeable users, without inspection for defects and that any such inspection would not have advised Perkins of the fact that RJR's Kool cigarette products could cause the injuries which he suffered. 105. The cigarette products Schnucks sold to Mr. Perkins were put to a reasonably anticipated use. 106. As a direct result of Schnucks' negligence, Mr. Perkins developed bladder cancer in addition to other related physical conditions and Bridgette Mandaville, as the personal representative of the Estate of Barry Perkins, deceased, is entitled to all economic damages, including medical bills incurred between the date of Barry Perkins' injury and the date of death; and non-economic damages, including, but not limited to, Barry Perkins' mental and physical pain and suffering between the time of his injury until his death from metastatic lung cancer. As well, Schnucks' negligence caused Mr. Perkins to subsequently develop metastatic lung cancer from which he died, and the Plaintiffs are entitled to all damages as set forth in Missouri Revised Statute § 537.090, including, but not limited to, funeral expenses, the reasonable value of services, companionship, comfort, instruction, guidance, and counsel as a result of Mr. Perkins' death.

Doc. [98-4] at 26-27.

On June 23, 2023, in Perkins I, Mandaville filed a Motion for Voluntary Dismissal, without prejudice, pursuant to Fed. Civ. Proc. Rule 41(a)(2). Mandaville claimed:

> [D]ismissal is warranted so that the case can proceed, if at all, in Missouri court, where it was originally filed.  For the below reasons, this is a "proper explanation for [the] desire to dismiss." *Id*.
>
> a. In January 2021, the Court found that the complaint had "alleged [Schnucks'] liability solely on its status as a seller in the stream of commerce" and therefore dismissed Schnucks without prejudice and accordingly denied remand.
>
> b. Since then, Mr. Perkins, and then his estate, have uncovered "smoking gun" documentary evidence that, far from being an "innocent seller," Schnucks negligently continued to sell cigarettes to Mr. Perkins despite actual knowledge that they were unreasonably dangerous, including:
>
>> i. A few months after the Surgeon General's highly publicized report irrefutably established that nicotine was an addictive drug, a 1988 internal RJR memorandum recorded that Schnucks' management "wants consumers to smoke" regular cigarettes, rather than buy a smokeless alternative that RJR had shipped to Schnucks for test-marketing, which alternative (sic) it advertised as lacking the "controversial compounds" in the regular cigarettes it sold to Mr. Perkins.
>> ii. Meanwhile, Schnucks, busily opening 93 pharmacies in its grocery stores, bucked the policies against continued cigarette sales that the American Medical Association and the American Pharmaceutical Association had promulgated – policies to which many other pharmacies adhered.
>
> c. In April 2023, Perkins' estate filed an amended petition against Schnucks in Missouri court, sounding in negligence, based on this newly discovered evidence.
>
> d. Accordingly, if the estate's negligence petition survives Schnucks' recent motion to dismiss in Missouri court, the estate intends to join RJR in that state-court action. Regardless, if dismissed without prejudice, Perkins' estate will not pursue RJR further in federal court.

Doc. [95] at 2-3 (cleaned up). RJR opposed the Motion. A hearing was held on the matter, and after review of the relevant factors under *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, 187 F.3d 941, 945 (8th Cir. 2013), this Court denied the Motion. Doc. [106].

On August 21, 2023, in Perkins I, Mandaville filed a Motion for Leave to Amend and Remand. Docs. [107], [108]. Mandaville seeks leave of court to file a second amended petition for two reasons. First, Mandaville seeks leave to reinstate Schnucks as a Defendant. Mandaville claims

4

that since January of 2021, when this Court dismissed Schnucks from Perkins I because its liability was alleged solely on its status as an "innocent seller," Plaintiff has "uncovered significant evidence that, far from being an 'innocent seller,' Schnucks negligently continued to sell cigarettes to Mr. Perkins despite actual knowledge that they were unreasonably dangerous." Doc. [108] at 1-2.

Second, Mandaville seeks leave to file a second amended petition to assert wrongful death claims, pursuant to Mo. Rev. Stat. § 537.080, brought by Mandaville, individually, and Bryant Perkins and Barry Perkins, Jr. as the surviving natural children of Perkins; as well as personal injury claims brought by Mandaville, as personal representative of Perkins's estate, under Mo. Rev. Stat. § 537.020, Missouri's survivor statute. *See* Doc. [108-1]. The claims include: 1) strict liability – design defect as to RJR, 2) strict liability – failure to warn as to RJR, 3) negligent design as to RJR, 4) strict liability – design defect as to Schnucks, 5) negligence as to Schnucks, and 6) violation of the MMPA, as to Schnucks. The claims against Schnucks in the proposed second amended petition are all substantially similar to the claims asserted in Perkins II. *Compare* Doc. [108-1], *with* Docs. [98-4] and Doc. [114].

## II.     Standard

Because Plaintiff seeks to amend a pleading after the deadline set in the Case Management Order, Doc. [49],[2] Plaintiff must satisfy Federal Rule of Civil Procedure 16(b)'s good-cause standard. *Rutledge v. Sunbelt Rentals, Inc.*, 1:21-cv-00046-SNLJ, 2022 WL 3576167 at *1 (E.D. Mo. Aug. 19, 2022) (citing *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008)). The application of the good-cause standard is not optional, and a party must show good cause before a court will consider whether amendment would be proper under Rule 15(a). *Sherman*, 532

---

[2] Although other CMO deadlines were amended after Doc. [49], the deadline to amend pleadings in this case was November 12, 2021.

F.3d at 716 (collecting cases). The primary measure of good cause is the movant's diligence in attempting to meet the requirements of the case management order, and the court focuses on the movant's diligence in the first instance, and usually solely, in examining requests to amend. *See id*. at 716-17. "Good cause may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading." *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020) (citing *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)).

As stated previously, Plaintiff claims that after Schnucks was dismissed from Perkins I, and in April of 2023, soon after the state court in Perkins II granted Plaintiff's motion to substitute Mandaville as the party plaintiff, "Plaintiff was granted leave to file an amended petition against Schnucks in Missouri state court, … based on newly discovered evidence that, far from being an 'innocent seller,' Schnucks negligently continued to sell cigarettes to Mr. Perkins despite actual knowledge that they were unreasonably dangerous…" Doc. [108] at 4-5. In support, among other information, Plaintiff provides exhibits, such as: a 1973 merchandising study regarding a cigarette carton vending machine, a 1990 sales research report concerning merchandising of a variety of cigarette brands, a 1991 Philip Morris U.S.A. inter-office memorandum concerning the Marlboro Racing Sweepstakes, a 1988 memorandum about Premier (a "smokeless cigarette"), and a 1988 St. Louis Post-Dispatch article about Premier. Plaintiff also points to the fact that in 1988 Schnucks opened pharmacies inside many of its grocery stores that also sold cigarettes, despite the American Pharmaceutical Association and the American Medical Association having adopted policies urging pharmacies to remove cigarettes from their shelves. Doc. [114] at 38.

RJR argues that to demonstrate good cause, Plaintiff must affirmatively show that "she exercised diligence in seeking to amend her Petition and that '[her] proposed amendment could

6

not reasonably have been offered sooner.'" Doc. [111] at 8 (citing *Givens v. St. Louis Cnty.*, 4:18-cv-01732-SPM, 2021 WL 2222687, at *3 (E.D. Mo. June 2, 2021)). RJR points out that Plaintiff's "newly-discovered evidence" was available and easily searchable on websites "long before Mr. Perkins filed this lawsuit" and that any exercise of reasonable diligence would have revealed the documents, and as such, is not newly-discovered evidence. *See Coop v. Lawrence Operations, LLC*, 3:19-cv-00254, 2021 WL 3864480, at *5 (E.D. Ark. Aug. 30, 2021) (finding that plaintiff's failure to check publicly available information was not diligent); *Alexander v. 1328 Uptown, Inc.*, 18-cv-01544, 2019 WL 9514655, at *4 (D. Minn. June 20, 2019) (Rule 16(b) analysis focuses "on the diligence of the party seeking to modify a Scheduling Order, as opposed to the litany of unpersuasive excuses, inclusive of inadvertence and neglect, which commonly undergird an untimely Motion to Amend." (citing *Scheidecker v. Arvig Enters., Inc.*, 193 F.R.D. 630, 632 n.1 (D. Minn. 2000)). Plaintiff's reliance on decades-old information, readily available on RJR's Online Litigation Document Archive and elsewhere, concerning a manufacturer and a seller of a product regarding marketing practices, along with a smattering of other theories, in an attempt to show that Schnucks is more than an innocent seller, does not equate to the necessary diligence required to assert newly-discovered *evidence* as a justification to amend the operative pleading in this matter to add Schnucks as a party Defendant.

    Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend and Remand, Doc. [107], is **DENIED** in part, and **GRANTED** in part. Plaintiff is **DENIED** leave to add Schnucks as a party Defendant. However, Plaintiff is **GRANTED** leave to file her second amended complaint[3] to the extent that she asserts wrongful death claims against RJR, pursuant

---

[3] The current operative pleading in this action is entitled "First Amended Petition." Doc. [14]; *compare* Mo. Rev. Civ. P. 53.01, *with* Fed. R. Civ. P. 7(a); *see also* Fed. R. Civ. P. 81(c)(2) ("After removal, repleading is unnecessary unless

7

to Mo. Rev. Stat. § 537.080, brought by Mandaville, individually, and Bryant Perkins and Barry Perkins, Jr. as the surviving natural children of Perkins, as well as personal injury claims against Defendant RJR, brought by Mandaville, as personal representative of Perkins's estate, under Mo. Rev. Stat. § 537.020, Missouri's survivor statute.[4] Plaintiff must file her second amended complaint no later than 7 (seven) days from the issuance of this Order.

Dated this 7th day of November, 2023

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

the court orders it.").

[4] Defendant RJR consents to Plaintiff's requested joinder of Bryant Perkins and Barry Perkins, Jr. as Plaintiffs in this matter and to Plaintiff's addition of allegations in the Second Amended Petition regarding Barry Perkins, Sr.'s lung cancer. See Doc. [111] at 1.